IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOBBY N. JACOBSON,

        Plaintiff,                    No. CIV S-11-2493 MCE GGH PS

    vs.

DEPARTMENT OF THE ARMY
BOARD FOR THE CORRECTION
OF MILITARY RECORDS,

        Defendant.              ORDER AND
_____/                  FINDINGS AND RECOMMENDATIONS

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiffs may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7   Cir. 1989); Franklin, 745 F.2d at 1227.
8   A complaint must contain more than a "formulaic recitation of the elements of a
9   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
11  "The pleading must contain something more...than...a statement of facts that merely creates a
12  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
13  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient
14  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
15  v. Iqbal,  ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
16  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
17  the court to draw the reasonable inference that the defendant is liable for the misconduct
18  alleged."  Id.
19  Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
20  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
21  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
22  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
23  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.
24  The court finds that this action should be dismissed under the principles of claim
25  preclusion.  Claim preclusion bars litigation in a subsequent action of "any claims that were
26  raised or could have been raised in the prior action...The doctrine is applicable whenever there is

"(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). The Ninth Circuit has identified four factors that should be considered by a court in determining whether successive lawsuits involve the same claims:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;
>
> (2) whether substantially the same evidence is presented in the two actions;
>
> (3) whether the two suits involve infringement of the same right; and
>
> (4) whether the two suits arise out of the same transactional nucleus of facts.

See C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.1987). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." Owens, 244 F.3d at 714.

Here, on August 7, 2008, plaintiff initially filed a complaint against the Department of the Army Board for the Correction of Military Records ("Army Board") seeking an order that the Army Board issue him a "Purple Heart" based on plaintiff's Army service in the Korean war during which plaintiff allegedly sustained shrapnel wounds while engaged in hostile action. In the course of that litigation, plaintiff also contended that because the Army Board incorrectly ruled that he did not prove that he was wounded in combat, it erroneously denied his application for an upgraded discharge. On September 30, 2009, after considering the evidence submitted by both parties, the court granted summary judgment in favor of the Army Board. The court found that plaintiff failed to show that the Army Board's decision was arbitrary or capricious, not based on substantial evidence, or contrary to law. Plaintiff did not appeal that judgment. (See CIV S-08-1828 GGH PS.)

The current action, filed almost two years later on September 20, 2011, involves the same parties (plaintiff and the Army Board) and the same claims (a request that the court "rule that the [Army Board] acted arbitrarily, capriciously, and unlawfully in denying my applications for the Purple Heart medal and a corrected honorable discharge.") (Dkt. No. 1, at p. 4.) Additionally, the current action would involve substantially the same evidence that was presented in the context of the summary judgment motion in the prior action. Because the current action arises out of the same transactional nucleus of facts, it is barred by the doctrine of claim preclusion. In light of this, leave to amend would be futile.

For the reasons outlined above, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (dkt. no. 2) is granted.

IT IS ALSO HEREBY RECOMMENDED that:

1. The action be dismissed with prejudice, and

2. The case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 19, 2011

    /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Jacobson.2493.ifp-fr.wpd